IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-18-43-F |
| ) | |
| LEROY AUSTIN HANCOCK, ) | |
| ) | |
| Defendant. ) | |

### REPORT AND RECOMMENDATION

On April 28, 2022, the undersigned conducted a competency hearing pursuant to 18 U.S.C. § 4247(d) regarding Defendant Leroy Austin Hancock ("Defendant"). (Doc. 41). As set forth fully below, the undersigned recommends that the Court find that a preponderance of the evidence establishes Defendant is competent "to the extent that he is []able to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241.

**I.   Pertinent factual background.**

Defendant made an initial appearance before the Court on November 16, 2021, following the execution of an arrest warrant on a Petition for Warrant or Summons for Offender Under Supervision. (Docs. 29, 30). The Court appointed counsel to represent Defendant. (Doc. 32).

In petitioning for Defendant's arrest – and recommending Defendant's revocation – the United Sates Probation Office for the Western District of Oklahoma accused Defendant of: failing to participate in a program of mental health aftercare at the direction of the

probation officer; failing to follow the instructions of the probation officer related to the conditions of supervision; failing to refrain from any unlawful use of a controlled substance; and failing to participate in a program of substance abuse aftercare at the direction of the probation officer. (Doc. 29, at 2-3). In relevant part, Defendant's treatment provider notified Probation "that [Defendant] made statements that he was a 'danger to others,' specifically his therapist, and stated 'the voices are telling me to kill you.'" (*Id.* at 2). Probation also reported that Defendant "failed to take his medications as prescribed despite treatment providers attempts to remedy." (*Id.*) Defendant "failed to follow [his probation officer]'s instruction to obtain compliance with medication regime prescribed by his psychiatrist." (*Id.*) Defendant also submitted seven "urine specimens with positive results for methamphetamine . . . and one urine sample with positive results for marijuana." (*Id.*) In addition to those positive tests, Defendant "failed to report for urine testing" on more than a dozen occasions. (*Id.* at 3). In consideration of these violations, Probation recommended Defendant's term of supervision should be revoked. (*Id.*)

II.   **Procedural background.**

On November 16, 2021, Defendant's counsel filed an Unopposed Motion for Psychiatric Examination. (Doc. 36). In support of this motion, counsel stated that during his interview with Defendant Hancock, Defendant "displayed disorganized thoughts and a general unawareness of the circumstances which brought him to court." (*Id.* at 1). Counsel further noted that "[a] Deputy U.S. Marshal [ ] reported to counsel that [Defendant] was being so disruptive and inappropriate in the holding area such that he was interfering with another court proceeding on another floor." (*Id.* at 1-2). Counsel also noted that he "is

aware from prior representation of [Defendant] in 2018 that mental health issues are an area of concern," which Defendant also acknowledges, in addition to "conced[ing] his need for mental health medications." (*Id*. at 2).

Upon review, and absent any objection from the government, the court found reasonable cause supported the motion. (Doc. 37). Thus, on November 17, 2021, the court committed Defendant to the custody of the Attorney General for a psychiatric examination and evaluation to determine whether Defendant was suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. (*Id*.); 18 U.S.C. § 4241.

Following Defendant's evaluation and treatment at the Federal Medical Center in Butner, North Carolina, the court, as well as counsel, received a copy of a forensic evaluation performed by Dr. Heather H. Ross, Ph.D., concerning Defendant's competency to stand trial. (Doc. 39). The court held the competency evidentiary hearing on April 28, 2022. (Doc. 41). Defendant appeared with counsel, Jeffrey M. Byers. (*Id*.) Assistant United States Attorney (AUSA) Charles Brown appeared on behalf of the United States. (*Id*.)

### III.     Jurisdiction under 18 U.S.C. § 636.

The Court's research revealed that the Tenth Circuit has not expressly addressed the authority of a magistrate judge to issue competency decisions with or without a referral order. *See, e.g.*, *United States v. Archuleta*, 218 F. App'x 754, 755 (10th Cir. 2007) (Explaining, without commenting on the magistrate judge's authority to do so, that "[a]

magistrate judge held a competency hearing in March 2006 and determined that Archuleta was not competent to stand trial and ordered that he be remanded to the custody of the Bureau of Prisons for restoration of competency"); *United States v. Morrison*, 415 F.3d 1180, 1185 (10th Cir .2005) ("On appeal Defendant raises two issues. His first ground for reversal, which was not raised below, is that the district court was required to exercise de novo review of the magistrate judge's order [requiring forced medication of the defendant] on the facts as well as the law. Defendant may well be correct. There is authority for the proposition."). The practice in this Court and many others is for magistrate judges to conduct competency hearings and make their determinations by Order rather than Report and Recommendation. *E.g.*, *United States v. Bertschy*, No. 20-296-J, Doc. 40; *United States v. Waner*, No. 20-116-P, Doc. 28; *United States v. Redbird*, No. 19-347-F, Doc. 32. However, this Court has also found that magistrate judges lack such authority. *United States v. Benford*, No. M-98-21-H, Order (W.D. Okla. May 20, 1998) ("There is no authority under [28 U.S.C. § 636], the Federal Rules of Criminal Procedure of the Local Court Rules for a United States Magistrate Judge to conduct a competency hearing under [18 U.S.C. § 4241 et. Seq.] without having been designated to do so by an Article III Judge or otherwise assigned.").

The undersigned has elected to proceed with a Report and Recommendation, "to fully preserve the prerogative" of the reviewing district judge, "and to provide adversely-affected parties with equal opportunity for review." *United States v. Murray*, 2008 WL 3287036, at *1 (E.D. Tex. Aug. 6, 2008); *see also United States v. Madison*, 2018 WL 6818925, at *1 (M.D. Fla. Dec. 28, 2018); *United States v. Moreno*, 2013 WL 6019269, at

\*2 (D. Nev. Nov. 13, 2013) ("The court will issue a Report of Findings and Recommendation rather than an order because the scope of a magistrate judge's authority on the issues before the court is unclear.").[1]

---

[1] Other courts that have squarely addressed the issue have reached discrepant results. *Compare United States v. Vietor*, 2017 WL 9401118, at \*1 (W.D.N.Y. Nov. 3, 2017) (handling via Report and Recommendation because "my own research indicated that the authority of a magistrate judge to issue competency decisions with or without a referral order has not been addressed by the Second Circuit"), *adopted*, 2018 WL 2247214 (W.D.N.Y. May 16, 2018), *with United States v. Ellis*, No. 2:14-CR-33, 2020 WL 5363315, at \*3 (N.D. Ind. Sept. 8, 2020) ("And to the extent that a magistrate judge's authority is limited by Article III, I concur with the analysis of the court in *United States v. Prado*, No. 18-CR-192, 2019 WL 1320316, at \*4 (E.D. Wis. Mar. 22, 2019), which found that although the competency decision affects fundamental rights, it is akin to allowing a magistrate judge to decide whether a defendant may waive conflict-free representation, or waive counsel and represent himself at trial, which are duties magistrate judges routinely handle."). This discrepancy persists across circuits. *See also United States v. Weissberger*, 951 F.2d 392, 398 (D.C. Cir. 1991) ("Weissberger contends, and we agree, that the Magistrate Judge *exceeded* her authority in ordering the competency evaluation without first receiving a request to do so from a District Judge as required by Local Rule 501.") (emphasis added); *United States v. Hemmings*, 1991 WL 79586, at \*4 (D.D.C. May 2, 1991) ("Since a Magistrate Judge is generally the only judicial officer who exercises jurisdiction over a criminal defendant between the time of arrest and the time of indictment, the contention that such a [competency] ruling is beyond the jurisdiction of a Magistrate Judge appears contrary to the intent of [Rules 5 and 5.1 of the Federal Rules of Criminal Procedure]"); *United States v. Rayyan*, 2016 WL 1746013, at \*4 (E.D. Mich. May 3, 2016) ("Although the Sixth Circuit has recognized the authority of a magistrate judge to order a competency examination, . . . the general practice in the Sixth Circuit is for district courts to refer the issue of whether to grant a competency examination to a magistrate judge for a report and recommendation only.") (collecting cases); *United States v. Rivera-Guerrero*, 377 F.3d 1064, 1069 (9th Cir. 2004) (concluding that an order authorizing involuntary medication for purposes of rendering defendant competent to stand trial "is dispositive of a claim or defense of a party, and therefore . . . it is not among the pretrial matters that can be fully delegated to the magistrate judge under [28 U.S.C.] § 636(b)(1)(A)."); *see generally* 28 U.S.C. § 636(b)(1)(B) & (C) (providing for referral and de novo review of matters outside the jurisdiction of a United States Magistrate Judge, including evidentiary hearings in felony criminal proceedings).
5

**IV. The undersigned recommends Defendant be found competent to stand trial.**

Defendant's forensic competency evaluation was completed by Heather H. Ross, Ph.D., a licensed psychologist, with the assistance of Katelyn Hakinson, M.S. (Predoctoral Psychology Intern) in March of 2022. (Doc. 39). On April 28, 2022, the Court conducted an evidentiary hearing regarding Defendant's competency. (Doc. 41). Defendant, through Counsel, stipulated that the conclusion of Dr. Ross's report is correct and that Defendant is competent. The Government did not object to the report. Neither party offered any additional evidence.

Dr. Ross opined that Defendant "is competent to the extent he is able to understand the nature and consequences of the proceedings against him and assist properly in his defense." (Doc. 39, at 20-21). She also opined that Defendant "is competent to stand trial [and t]he prognosis for [Defendant] to maintain his competence throughout the legal proceedings is good, so long as he remains medication compliant and does not use drugs or alcohol." (*Id*. at 21).

After careful consideration of the record, to include the Petition for Warrant or Summons for Offender Under Supervision (Doc. 29), Defendant's Motion for Psychiatric Examination (Doc. 36), and Dr. Ross's Psychological Evaluation (Doc. 39), statements of counsel, and relevant legal authority, the undersigned recommends that the Court finds a preponderance of evidence establishes Defendant is competent "to the extent that he is []able to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241.

V.   **Recommendation and Notice of Right to Object.**

For the reasons set forth above, the undersigned recommends the Court find Defendant Hancock competent to stand trial.

**The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of Court on or before Monday, May 2, 2022**, in accordance with 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2).  The undersigned advises the parties that failure to make a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein.  *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

ENTERED this 29th day of April, 2022.

*[signature]*
AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE